UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICHOLAS THRASH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-200-RLM-MGG |
| REGGIE NEVELS, et al., | |
| Defendants. | |

<u>OPINION AND ORDER</u>

Nicholas Thrash, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983 pertaining to events occurring at the Grant County Jail when he was a pretrial detainee.[1] The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

---

[1] Mr. Thrash is now incarcerated at Indiana State Prison. (*See* ECF 2 at 1.)

Mr. Thrash's complaint isn't particularly heavy on detail, but the court has made every effort to construe it broadly to see if it contains any viable legal claims. Mr. Trash alleges that between September 2017 and February 2018, he wasn't given proper medical care for a cyst on his testicle. He claims that the cyst caused him pain and sometimes hindered his ability to walk, and that it wasn't properly diagnosed until February 2018 when he underwent an ultrasound. He sues Tracy Sullivan, a nurse at the jail, as well as the Grant County Sheriff, the Jail Commander, and several correctional officers, seeking monetary damages.

Because Mr. Thrash was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (citing Kingsley v. Hendrickson, 576 U.S. 389 (2015)). To state a claim for the denial of medical care, he must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his or her actions. Miranda v. Lake County, 900 F.3d at 354. He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id.* (emphasis omitted).

Mr. Thrash alleges that he told Nurse Sullivan about the cyst and also put in multiple written medical care requests, but was "not seen" for several months, even though the condition caused him considerable pain. He further claims that when he was seen, Nurse Sullivan told him "not to worry about it." Giving him the inferences to which he is entitled, he has alleged a plausible Fourteenth Amendment claim against Nurse Sullivan.

He also sues Grant County Sheriff Reggie Nevels and Jail Commander Mellissa Sugart. There is no general supervisory liability under 42 U.S.C. § 1983, and these defendants cannot be held liable only because they oversee operations at the jail. J.K.J. v. Polk Cty., 960 F.3d 367, 377 (7th Cir. 2020); Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory correctional staff can be held liable when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Doe v. Purdue Univ., 928 F.3d 652, 664 (7th Cir. 2019). There is no plausible basis to infer from the complaint that the Sheriff or Jail Commander were personally involved in Mr. Thrash's medical care or that they facilitated, condoned, or were even aware of the actions of medical staff related to the treatment of the cyst. That Mr. Thrash may have written to them after these events to complain about what occurred doesn't establish a basis for imposing personal liability on them. Burks v. Raemisch, 555 F.3d at 596. He hasn't stated a plausible constitutional claim against these high-ranking officials.

Mr. Thrash also names as defendants Lieutenant Kevin Carmichaels, Captain Fleece (first name unknown), and Captain Moss (first name unknown), all supervisory correctional officers at the jail, because they didn't address his issue even though he filed grievances about his medical care. It's not entirely clear from the complaint who among these individuals was responsible for processing detainee grievances, but in any event, the alleged mishandling of grievances doesn't violate the United States Constitution. Daniel v. Cook Cty., 833 F.3d 728, 736 (7th Cir. 2016). Mr. Thrash doesn't allege, and there no plausible basis to infer, that these

3

correctional officers caused his medical issue, that they were responsible for providing medical care to detainees, or that they stood in the way of his problem being resolved by medical staff. In fact, the complaint reflects that Lieutenant Carmichaels once had Mr. Thrash taken by wheelchair to the medical unit based on his complaints. Although he claims that "still nothing was done" when he was in the medical unit, liability under 42 U.S.C. § 1983 is based on personal responsibility, and these defendants can't be held liable for the failings of medical staff or other employees of the jail. Burks v. Raemisch, 555 F.3d at 596. As non-medical staff, they were entitled to defer to medical providers regarding the proper course of treatment. *Id*. The complaint doesn't state a plausible claim upon which relief can be granted against these defendants.

Finally, Mr. Thrash lists a defendant named "Craig Persinger" in the caption of his complaint, but he doesn't mention this defendant in the narrative section or provide any plausible basis to conclude that this defendant was personally involved in violating his Fourteenth Amendment rights. This defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse Tracy Sullivan in her personal capacity for money damages for denying him necessary medical care for a cyst on his testicle from September 2017 to February 2018 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

4

(3) DISMISSES Reggie Nevels, Kevin Carmichaels, Melissa Sugart, Captain Moss, Captain Fleece, and Craig Persinger as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Tracy Sullivan at Quality Correctional Care, LLC, and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Quality Correctional Care, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Nurse Tracy Sullivan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 4, 2021

 /s/ Robert L. Miller, Jr.
JUDGE,
UNITED STATES DISTRICT COURT